## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL RAMIREZ-MENDOZA,** | } | |
| | } | |
| **Plaintiff/Counterclaim Defendant,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:13-CV-00519-RDP** |
| | } | |
| **INTERNATIONAL PALLET, INC.** | } | |
| | } | |
| **Defendant/Counterclaim Plaintiff.** | } | |

## <u>MEMORANDUM OPINION</u>

Before the court is Plaintiff/Counterclaim Defendant's Motion to Dismiss (Doc. #15). Defendant/Counterclaim Plaintiff filed a Response (Doc. #17). Plaintiff/Counterclaim Defendant did not file a Reply, which was allowed under the court's briefing schedule. (*See* Doc. #16). Therefore, the Motion (Doc. #15) has been fully briefed and is properly under submission. For the reasons discussed below, the Motion (Doc. #15) is due to be granted in part and denied in part.

## I.    BACKGROUND AND RELEVANT FACTS

Plaintiff initiated this action on March 19, 2013 by filing a Complaint against Defendant asserting two claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiff alleges that (1) Defendant failed to pay him overtime for hours worked in excess of forty hours in a work week and (2) Defendant failed to compensate him at the federal minimum wage for hourly employees.

According to the Complaint, Plaintiff worked for Defendant between 2010 and 2012. (Doc. #1 at ¶¶ 11-12). He worked ten (10) hour days during the core work week (*i.e.*, Mondays through Fridays. (Doc. #1 at ¶ 14). He also worked four (4) hours on Saturdays). (Doc. #1 at ¶ 14). Plaintiff asserts that generally he worked more than fifty (50) hours a week. (Doc. #1 at ¶ 15). He also avers

that Defendant paid him neither the required minimum wage for his hours worked nor overtime for the hours he worked during his employment. (Doc. #1 at ¶¶ 17-18).

Defendant filed an Answer and Counterclaim on April 17, 2013. (Doc. #7). The Counterclaim asserts claims against Plaintiff for the following: (1) fraud; (2) willful breach of contract; and (3) violations of the Lawsuit Abuse Reduction Act.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires

2

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## IV.   DISCUSSION

In his Motion to Dismiss, Plaintiff argues that Defendant's counterclaims fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiff maintains that the Counterclaim contains only conclusory allegations and does not meet the pleading standards required by *Twombly* and its progeny. This court has carefully reviewed the allegations contained in the

Counterclaim and finds that Counts 1 and 2 are not due to be dismissed for failure to state a claim.[1]

Count 1 alleges fraud.[2]  In support of this claim, Defendant states that its accounting records indicate that Plaintiff presented a false U.S. Legal Permanent Resident card and a false Social Security card.  (Doc. #7, Counterclaim at ¶¶ 3-4).  Upon being informed that Defendant maintained a dishonesty policy, Plaintiff stated that the documents he provided were legitimate for him to be lawfully authorized to work in the United States.  (Doc. #7, Counterclaim at ¶ 5).  Defendant contends that it relied to its detriment on Plaintiff's false misrepresentations as Defendant invested time and resources into Plaintiff's job training.  (Doc. #7, Counterclaim at ¶ 6).

Count 2 alleges a breach of contract.  In support of its claim for breach of contract, Defendant states that the parties had an oral agreement with a condition precedent of hiring to not make misrepresentations by providing false documents.  (Doc. #7, Counterclaim at ¶ 12).  Defendant

---

[1]Plaintiff/Counterclaim Defendant does not seek dismissal of the counterclaims on the basis of subject matter jurisdiction.  However, the court nevertheless pauses here to note that it has supplemental jurisdiction over the fraud and breach of contract claims.  Federal courts are courts of limited jurisdiction, and the presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citations omitted).  The court's jurisdiction over Plaintiff's Complaint is based on federal question jurisdiction.  Defendant/Counterclaim Plaintiff's counterclaims for fraud and breach of contract are based on state law.  According to the Complaint, both parties are Alabama citizens.  Therefore, no basis exists for diversity jurisdiction.

But even in the absence of an independent basis for jurisdiction exists, a court may exercise supplemental jurisdiction over counterclaims that are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  When state law claims form part of the same "case or controversy" or "arise out of a common nucleus of operative fact with a substantial federal claim," a district court may exercise supplement jurisdiction over those state law claims. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006).

Whether Plaintiff was an employee of Defendant for purposes of the FLSA and whether Plaintiff defrauded Defendant and in so doing breached an oral contract with Defendant arise from the same set of facts and will require the parties to argue similar issues at trial.  Therefore, although not directly raised by Plaintiff, the court concludes it may exercise supplemental jurisdiction over Defendant's counterclaims.

[2]Defendant cites 18 U.S.C. § 1028, which criminalizes fraud and related activity in connection with identification documents and 8 U.S.C. § 1182(a), which makes an alien who commits document fraud ineligible to receive visas or to be admitted to the United States in support of its counterclaim for fraud.  (*See* Doc. #7, Counterclaim at ¶¶ 10-11).  Although the court finds the counterclaim for fraud should not be dismissed for failure to state a claim, the court **STRIKES** these portions of the counterclaim as they are irrelevant to a state law claim for common law fraud.

alleges that Plaintiff breached this oral agreement by providing two false documents to Defendant and by further asserting that they were legitimate documents.  (Doc. #7, Counterclaim at ¶ 12).

To survive Plaintiff's motion, these allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  Having reviewed these factual allegations, and accepting them as true, the court finds that Defendant's counterclaims for fraud and breach of contract satisfy applicable pleading standards.  However, the same cannot be said for Count 3, which alleges violations under the Lawsuit Abuse Reduction Act of 2011.

Defendant does not cite a statutory code section for the Lawsuit Abuse Reduction Act of 2011.  The court presumes this is the case because this act never became law.  The court's own research reveals this Act was introduced in the House of Representatives on March 9, 2011 as H.R. 966.  On the same day, an identical measure was introduced in the Senate.  But, to date, the legislation has not been enacted. *See* Lonny Hoffman, *The Case Against the Lawsuit Abuse Reduction Act of 2011*, 48 Hous. L. Rev. 545, 546 (2011).  A similar bill, H.R. 2655, has been introduced this year but has not been enacted. *See* Lawsuit Reduction Act of 2013, H.R. 2655, 130th Cong. (2013).  In support of its claim that Plaintiff has violated this act, which has not been enacted or signed into law, Defendant submits that Plaintiff's claims are frivolous because they are barred by the statute of limitations.  The statute of limitations is an affirmative defense, which Defendant pleaded in its Answer. (*See* Doc. #7).  Therefore, the court finds that Defendant's third counterclaim for sanctions, attorney's fees, and litigation costs under an act that is not yet law, is due to be dismissed for failing to state a claim upon which relief can be granted.

## IV.     CONCLUSION

For the reasons outlined above, Plaintiff/Counterclaim Defendant's Motion to Dismiss (Doc. #15) is due to be granted in part and denied in part.  The court will not dismiss Defendant/ Counterclaim Plaintiff's counterclaims for fraud and breach of contract.  However, the court will dismiss the counterclaim for damages under the Lawsuit Abuse Reduction Act.  A separate order consistent with the memorandum opinion will be entered.

**DONE** and **ORDERED** this _____6th_____ day of August, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE