FILED
2014 Oct-15  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL RAMIREZ-MENDOZA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:13-CV-00519-RDP** |
| | } | |
| **INTERNATIONAL PALLET, INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. # 49), filed on April 9, 2014.  The issues have been fully briefed.  (Docs. # 53, 55).[1]  For the reasons outlined below, Defendant's Motion (Doc. # 49) is due to be granted in part and denied in part.

### I.    Procedural History

This case has been substantially affected by the tumultuous relationship between Plaintiff's and Defendant's counsel.  Plaintiff filed his Complaint (Doc. # 1) on March 19, 2013 against Defendant alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").  Plaintiff seeks payment for unpaid wages, overtime, and liquidated damages.  (Doc. # 1 at 1).  Defendant filed an Answer and Counterclaim (Doc. # 7) refuting Plaintiff's allegations of any FLSA violation and counterclaiming for fraud and breach of contract.

On April 9, 2014, following several rounds of contentious discovery in this case, Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc.

---

[1] For the sake of clarity and consistency, the Exhibits cited in this Memorandum Opinion are referenced as entered into the record, and not as submitted by the parties.

# 49), which is the subject of this Memorandum Opinion. The Motion (Doc. # 49) has been fully

briefed.  (Docs. # 53, 55).  Although Defendant frames its Motion (Doc. # 49) as a "Motion to

Dismiss or in the Alternative, Motion for Summary Judgment," Defendant supports its statement

of facts with deposition testimony, documents, and various other types of evidence found outside

the pleadings.  Accordingly, the court finds the Motion (Doc. # 49) is one seeking summary

judgment under Federal Rule of Civil Procedure 56.  *See* Fed. R. Civ. P. 56(c)(1)(A).[2]

## II.     Facts[3]

Plaintiff Joel Ramirez-Mendoza ("Plaintiff") worked as a laborer for Defendant

International Pallet, Inc. ("Defendant") during two separate, but indeterminate, time periods.

(Doc. # 53, Ex. A-1, Ramirez-Mendoza Aff. ¶ 1-4).  Plaintiff suggests he first began working for

Defendant in 2007, performing the job of breaking down pallets.  (Doc. # 49, Ex. 14, Ramirez-

Mendoza Dep. 96:17-20; Doc. # 53, Ex. A-1, Ramirez-Mendoza Aff. ¶ 1).  Defendant claims that

Plaintiff worked on and off for less than three months beginning in February 2008 and ending in

---

[2] The court notes that this is also the manner in which Plaintiff interprets the Motion in its responsive briefings. (*See* Doc. # 53 — "Plaintiff's Opposition to Defendant's Motion for Summary Judgment").

[3] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Furthermore, Appendix II to the Court's Initial Order (Doc. # 8) sets forth the court's Summary Judgment Requirements.  Appendix II specifically notes that "briefs and evidentiary materials that do not conform to the following requirements may be stricken."  (Doc. # 8 at 17).  Appendix II requires that all "briefs . . . begin with a statement of allegedly undisputed relevant material facts set out in separately numbered paragraphs.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  *All statements of fact must be supported by specific reference to evidentiary submissions.*"  (Doc. # 8 at 12) (emphasis added).  Appendix II requires that in responsive briefs, "[t]he first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts.  The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. *Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.*  **All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment**.  (Doc. # 8 at 13) (certain emphasis added).  Plaintiff's response to Defendant's Motion (Doc. # 49) not only fails to dispute Defendant's statement of facts, but also it is almost entirely devoid of record citations.  (Doc. # 53).

September 2008.   (Doc. # 49, Ex. 16, Foster Dep. 100:22-101:17).   Specifically, Defendant

offers evidence suggesting Plaintiff worked one week in February, one week in July, and one day

in September.   (*Id.*)   Plaintiff was paid $320 per workweek.   (Doc. # 49, Ex. 14, Ramirez-

Mendoza Dep. 100:3-6, 100:17-22).

Plaintiff claims he worked fifty-five hours per workweek.   (Doc. # 49, Ex. 14, Ramirez-

Mendoza Dep. 100:23-101:1).   On weekdays, Plaintiff contends that he worked from 6:00 a.m.

to 5:30 p.m. with two forty-five minute breaks — *i.e.*, ten hours a weekday.   (*Id.* at 101:12-23).

On Saturdays, Plaintiff claims he worked five hours.   (*Id.* at 101:19-24).   On or around

September 12, 2008, Plaintiff was terminated.   (*Id.* at 96:17-20, 97:5-6, 102:19-22).   Defendant

argues Plaintiff was terminated for cause — he was insubordinate and failed to show up to work.

(Doc. # 49 at 14 ¶ 1; *see also* Doc. # 49, Ex. 16, Foster Dep. 82:6-11).   Defendant also contends

Plaintiff was paid in full compliance with the FLSA.

Subsequently, Plaintiff applied to work for Defendant under the name Amilcar Vasquez

and presented Defendant with false information in his employment application.   (*See* Doc. # 49,

Exs. 6-9 (falsified employment documents); Doc. # 53, Ex. A-1, Ramirez-Mendoza Aff. ¶ 4).

Plaintiff's documentation included, among other things, a false social security card and a false

U.S. Permanent Resident Card. (Doc. # 49 at 14 ¶ 2-3; *see* Doc. # 49, Exs. 3, 5).

In March 2010, Plaintiff returned to work for Defendant.   (Doc. # 49, Ex. 2, at 2; Doc. #

49, Ex. 14, Ramirez-Mendoza Dep. 105:8-13).   Defendant hired Plaintiff under the name

Amilcar Vasquez and maintained personnel files different and separate from Plaintiff's prior

employment records for Joel Ramirez-Mendoza.   (Doc. # 49, Ex. 2, at 2; Doc. # 49, Ex. 16,

Foster Dep. 103:11-15).   Defendant has presented pay stubs for Amilcar Vasquez beginning in

April 23, 2010 (Doc. # 49, Ex. 13, at 1), and has records of cash disbursement to him from as

3

early as March 26, 2010.  (Doc. # 49, Ex. 2, at 1).  But these documents do not purport to log the hours that Plaintiff worked.  During this time, Plaintiff began making $350 per workweek, (Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 105:18-22; *see also* Doc. # 49, Ex. 2, at 2; Doc. # 49, Ex. 13, at 35-56).  In 2012, it appears that Plaintiff made as much as $420 per workweek.  (Doc. # 49, Ex. 2, at 6-8; Doc. # 49, Ex. 13, at 87-127).

During his second stint with Defendant, Plaintiff claims he worked the same hours as he did in 2008.  (Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 107:14-108:13).  Defendant, however, has offered evidence suggesting Plaintiff's working schedule was as follows:

> Monday to Friday from 6:30 A.M. to 4:30 P.M. with two breaks of one (1) hour each, one in the morning and one in the afternoon. If he worked on a Saturday his work schedule was four (4) hours. If he worked full time his work-week would be forty hours, and for the week that he worked on Saturday his full week will be forty four hours.

(Doc. # 49 at 15 ¶ 5; *see* Doc. # 49, Ex. 16, Foster Dep. 25:23-26:6, 70:6-71:5, 74:2-21, 83:22-84:2, 86:14-87:7, 100:7-16, 103:16-21; Doc. # 49, Ex. 17, Gregorio Velazquez Dep. 20:21-28:2).

Defendant supports this claim by suggesting it maintained a practice where a supervisor would report to Defendant's secretary in charge of payroll, Debbie Foster, when workers did not work or show up; otherwise, the worker was paid in full.  (Doc. # 49 at 15 ¶ 6; Doc. # 49, Ex. 16, Foster Dep. 70:22-71:5, 100:7-16).  After receiving the supervisor's report, Ms. Foster issued a payroll check to the workers.  (Doc. # 49, Ex. 16, Foster Dep. 70:22-71:5, 100:7-16).  In accordance with this practice, Defendant argues "Vazquez was found several times leaving work when the supervisor was not there and showed up sometime before 4:30 so he could be registered as having been working the whole day."  (Doc. # 49 at 15 ¶ 8).  Defendant also claims Plaintiff's testimony suggests he admits being paid for days he did not work.  (*See* Doc. # 49, Ex. 16, Ramirez-Mendoza Dep. 109:12-112:7).  No evidence suggests Plaintiff ever complained

about mistakes in his payment.  Plaintiff was again terminated in December 2012 and never returned to work for Defendant.  (Doc. # 49, Ex. 16, Foster Dep. 82:12-17).

Now, Plaintiff contends that Defendant failed to compensate him at the federal minimum wage for the years 2010, 2011, and 2012.  (Doc. # 1 at ¶ 29).  Plaintiff also claims that Defendant failed to compensate him at the federally required overtime rate for all hours worked in excess of forty hours during these workweeks.  (Doc. # 1 at ¶ 25).

## III.    Standard of Review

This matter is considered by the court pursuant to the provisions of Federal Rule of Civil Procedure 56, and under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

"To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010) (citing 10A Charles Allen Wright, et al., *Federal Practice and Procedure: Civil* § 2722, at 382-84 (3d ed. 1998)). The claims now before the court on this motion for summary judgment are those set forth by Plaintiff in his Complaint. (Doc. #1 at 1).

**IV.    Discussion**

Plaintiff's Complaint advances causes of action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207. (Doc. # 1 at ¶¶ 27, 31). Thereunder, Plaintiff seeks relief for unpaid wages, overtime, and liquidated damages for both employment periods that he worked for Defendant — 2007-2008 and 2010-2012. (*Id.*) Defendant refutes each of Plaintiff's claims, and as grounds for Defendant's Motion for Summary Judgment (Doc. # 49), Defendant suggests: (1) the FLSA's statute of limitations has run of Plaintiff's claims; (2) Plaintiff was paid in in compliance with the FLSA; (3) Plaintiff has committed fraud, forgery, and perjury in this case; (4) Plaintiff lacks standing to bring claims for nonparty Amilcar Vasquez; and (5) Plaintiff may not file a cause of action under any name other than his legal name, Joel Ramirez-Mendoza.

After a careful review of the Rule 56 record and for the reasons stated below, the court concludes that Defendant is correct that some of Plaintiff's claims are time barred by the FLSA. Because the Rule 56 record demonstrates that there are genuine issues of disputed material facts

regarding Plaintiff's non-timed barred claims, however, Defendant's Motion (Doc. # 49) is due to be otherwise denied.

### A. The FLSA's Statute of Limitations Bars Plaintiff's Claims Accruing Before March 19, 2010.

Actions for unpaid minimum wages, unpaid overtime compensation, and liquidated damages, filed under the FLSA must be commenced within two years after the cause of action accrued, unless the violation was willful, in which case the statute of limitations is three years. *See* 29 U.S.C. § 255(a).  Generally, an FLSA cause of action accrues at each regular payday immediately following the workweek during which services are rendered and for which overtime or minimum wages are claimed.  *See Knight v. Columbus, Ga.*, 19 F.3d 579, 581-82 (11th Cir. 1994) ("Each failure to pay overtime constitutes a new violation of the FLSA."); *see also Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." (internal quotation marks omitted)).

Accordingly, this case involves allegations of a series of repeated violations of an identical nature, and not one incessant violation on which Plaintiff would be able to recover for the entire duration of the violation.  *See Knight*, 19 F.3d at 582 (describing the distinction between the two situations in the context of an FLSA claim where plaintiffs argue an exemption from §255(a)'s time bar under a "continuing violation theory").  The statute of limitations begins to accrue on the respective paydays on which Plaintiff received, or failed to receive, proper compensation for his services.

Because Plaintiff filed this action on March 19, 2013 (Doc. # 1), Plaintiff's claims regarding alleged FLSA violations occurring in 2007-2008 are barred.[4]   Based on the uncontroverted evidence presented by Defendant, Plaintiff did however receive payment for work completed as Amilcar Vasquez beginning no earlier than March 26, 2010 and ending in December 2012.  (Doc. # 49, Ex. 2, at 2; Doc. # 49, Ex. 13, at 1).  The extent to which Defendant can bar Plaintiff's claims for this second time period depends on whether or not Defendant's alleged FLSA violations were willful.  If Defendant's alleged violations are deemed willful, then Plaintiff's FLSA claims arising from his work for Defendant between 2010 and 2012 are not time barred.[5]

Not surprisingly, Plaintiff argues Defendant's alleged FLSA violations were willful, thereby triggering an extended three-year limitations period.  (Doc. # 1 at ¶¶ 26, 30).  To establish that a FLSA violation is willful, a plaintiff must show that his employer either knew that its conduct was prohibited by the statute or acted in reckless disregard with respect to these alleged violations. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008).  Reckless disregard of the FLSA's requirements can be shown when there was a failure to make an adequate inquiry into whether conduct is in compliance with the Act.  *See* 5 C.F.R. § 551.104; *Davila v. Menendez*, 717 F.3d 1179, 1184-85 (11th Cir. 2013).  However, if an employer "acts reasonably in determining its legal obligation, its action cannot be deemed willful." *McLaughlin*, 486 U.S. at 135 n.13.

---

[4] For this reason, the court need not address Plaintiff's initial duration of employment, including Defendant's factual contention that Plaintiff has presented no evidence to support the allegation that Plaintiff began working in 2007 and not, as Defendant alleges, only sporadically and infrequently in 2008.  (*See* Doc. # 49 at 12).

[5] If Defendant proves later any alleged violation was not willful claims for violations occurring between March 19, 2010 and March 19, 2011 would be barred.

Here, Plaintiff does not allege that he was performing work without the knowledge of Defendant.  Rather, Plaintiff argues simply he performed certain supervised work without proper compensation.  Defendant counters Plaintiff never performed such work.  For purposes of summary judgment the court construes the evidence in the light most favorable to the non-movant (here, that is Plaintiff).  In light of the disputed Rule 56 evidence, it is for the jury to decide whether there was a violation and, if so, if the violation was willful.  For the reasons noted below, summary judgment for Defendant as to Plaintiff's claims accruing before March 19, 2010 is due to be granted.

**B.    The Rule 56 Record Evidences a Dispute as to the Hours Plaintiff Worked Each Week, Which Constitutes a Genuine Issue of Material Fact.**

Plaintiff asserts FLSA claims for unpaid wages, under 29 U.S.C. § 206(a), and unpaid overtime, under 29 U.S.C. § 207(a)(1).  (Doc. # 1 at ¶¶ 27, 31).  Undisputed evidence shows that during 2010, Plaintiff made $350 per workweek; in 2011, Plaintiff made between $370 and $400 per workweek; and in 2012, Plaintiff made between $400 and $420 per workweek.  (Doc. # 49, Ex. 2).  The record evidences a genuine dispute, however, as to the number of hours which Plaintiff worked each week.

Plaintiff offers evidence suggesting that he worked fifty-five hours per workweek from March 2010 to his termination in December 2012.  (*See, e.g.*, Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 100:23-101:24, 107:22-108:13).  Defendant counters with evidence suggesting that Plaintiff's work schedule was:

> Monday to Friday from 6:30 A.M. to 4:30 P.M. with two breaks of one (1) hour each, one in the morning and one in the afternoon. If he worked on a Saturday his work schedule was four (4) hours. If he worked full time his work-week would be forty hours, and for the week that he worked on Saturday his full week will be forty four hours.

(Doc. # 49 at 15 ¶ 5; Doc. # 49, Ex. 16, Foster Dep. 25:23-26:6, 70:6-71:5, 74:2-21, 83:22-84:2, 86:14-87:7, 100:7-16, 103:16-21; Doc. # 49, Ex. 17, Gregorio Velazquez Dep. 20:21-28:2).

By the courts calculation, Defendant's proposed work schedule would satisfy the FLSA's mandates, even at Plaintiff's *lowest* 2010 wage rate of $350 per workweek.  Defendant's schedule would result in Plaintiff's payment of no less than forty hours at $7.25 per hour and four overtime hours at as much as $15 per hour.[6]  This pay schedule would not violate FLSA mandates.  *See* 29 U.S.C. §§ 206(a)(1)(C) (setting minimum wage at $ 7.25); 207(a)(1) (setting minimum overtime wage at one and one-half times regular rate, *i.e.*, at least $10.88).

On the other hand, Plaintiff's version of his actual work week would evidence a violation of the FLSA's mandates.  This is the case even assuming Plaintiff was paid at the *highest* 2012 wage rate of $420 per workweek.  Under Plaintiff's schedule, if it is assumed Plaintiff was paid a minimum wage of $7.25 per hour for forty hours worked, then Defendant would have paid Plaintiff only $130 for his 15 overtime hours — an actual overtime pay rate of $8.67 per hour.  Plaintiff's evidence, if believed, would show that Defendant violated either the FLSA's minimum wage requirements, overtime requirements, or both.

To be sure, the Rule 56 record contains at least two versions of how Plaintiff was paid, either of which could be credited by a jury.  Indeed, this case presents the classic "he said, she said" dispute.  (*Compare* Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 100:23-101:1, *with* Doc. # 49, Ex. 16, Foster Dep. 70:6-71:5, *and* Doc. # 49, Ex. 17, Gregorio Velazquez Dep. 21:15-23:10).  None of Defendant's payment documentation purports to reveal the hours which Plaintiff actually worked.  (*See* Doc. # 49, Ex. 17, Gregorio Velazquez Dep. 20:21-28:2

---

[6] The court arrives at this number by assuming Plaintiff was paid minimum wage for all forty non-overtime hours, calculated at the minimum wage of $7.25 per hour and equal to $290 total.  If Plaintiff was paid $350 per workweek, Defendant would then have a remainder of $60 to pay Plaintiff his alleged four overtime-Saturday hours. This would result in an overtime rate of $15 per hour and that is well in excess of the FLSA's requirement that Plaintiff be paid at least one and on-half times his regular rate (*i.e.*, $10.88 per hour). *See* 29 U.S.C. § 207(a)(1).

(admitting the daily hour time period that the laborers would work, from 2010 to 2012, is not recorded anywhere); Doc. # 49, Ex. 2; Doc. # 49, Ex. 13).

Here, "the evidence presents a sufficient disagreement to require submission to a jury," and it is not "so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.   Certainly, Defendant's side of the story is plausible, but at this stage the court does not weigh the veracity of conflicting evidence in order to resolve a factual dispute.   A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.   Because the disposition of this case depends on which account of Plaintiff's work schedule is found to be true as a matter of fact, summary judgment for Defendant as to Plaintiff's claims accruing after March 19, 2010 is due to be denied.

### C.   Allegations that Plaintiff Lied During the Course of the Case Do Not Support Entry of Summary Judgment.

Defendant also argues that Plaintiff has committed fraud, forgery, and perjury, and this requires the court to disregard his testimony entirely.   (Doc. 49 at 24).   First, Defendant points to several forms of document fraud and forgery in Plaintiff's application for employment under the name Amilcar Vasquez.   Second, Defendant identifies several allegedly false statements that Plaintiff made under oath in his February 17, 2014 deposition.   (Doc. # 49 at 1-8 (citing Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 25:10-14, 27:13-29:23, 32:7- 33:9, 34:4-13, 34-35, 37:17-38:6, 40:23-41:2, 43:10-15, 44:15-45:6, 46-47, 48:1-4, 51, 52:23-53:1, 54:21-55:12, 55:16-19, 73:15-74:21, 17:23-18:17, 23:15-24:1, 81:22-24, 85:13-86:12)).

As an initial matter, the court recognizes it as undisputed that Plaintiff used false identification and paperwork to gain employment with Defendant.   (Doc. # 49, Exs. 6-9; Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 24:2-9, 25:15-19, 32:7-39:12).   This fact alone, however, is not dispositive of Plaintiff's underlying FLSA claims.   Fraud and forgery in an employment

application do not absolve an employer of its duty to abide by the FLSA's mandates.  Moreover, this argument ignores well-settled law indicating that the scope of individuals protected by the FLSA is extremely broad.  An employee working under an alias is presumably entitled to the same minimum wages as any other employee.  *See Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 516-17 (1950) ("Breadth of coverage was vital to [the FLSA's] mission. . . .  Where exceptions were made, they were narrow and specific.").  The FLSA has been held to cover both migrant H–2A workers, *see Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1235 (11th Cir. 2002), and even undocumented aliens working in the United States illegally, *see Patel v. Quality Inn S.*, 846 F.2d 700, 703 (11th Cir. 1988).  "Congress has made manifest its intent that all workers, including undocumented aliens, have the right to be free from unlawful [treatment] pursuant to the FLSA."  *Reyes-Fuentes v. Shannon Produce Farm, Inc.*, 671 F. Supp. 2d 1365, 1368 (S.D. Ga. 2009) (citation omitted).  Therefore, Plaintiff's fraud and forgery in obtaining employment would not deprive him of the same protection.  Ultimately, no authority supports Defendant's contention that an exemption from FLSA's minimum wage requirements exists for employees whose employment applications are not truthful.

Furthermore, perjury may be, as Defendant suggests, a crime of moral turpitude; however, Defendant fails to point to any case law suggesting the court should dismiss Plaintiff's deposition testimony based merely on opposing party allegations that certain of his statements were untrue, inaccurate, or inconsistent.  It is emphatically the jury's job to determine which parties' version of the facts is true.  Notably, nothing in Plaintiff's testimony, or accompanying affidavits, contradicts his claim that he worked fifty-five hours per workweek.[7]  Regardless,

---

[7] Plaintiff's *allegedly* inconsistent deposition statements involve: (1) the number of aliases Plaintiff has used in other context (Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 73:15-74:21); (2) Plaintiff's arrest record (*Id.* at 17:23-18:17); and (3) certain names of employees working for Defendant (*Id.* at 85:13-86:12).

inconsistent statements in testimony only reveal the credibility of the evidence presented. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Moreover, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*

The court declines Defendant's invitation to step into the jury box and impermissibly decide the underlying factual disputes in this case. In these instances, when sitting as a trier of fact, courts must recognize their proper role under Rule 56, no matter how persuasively or unpersuasively the evidence may be viewed.

### D.   At Most, a Genuine Issue of Material Fact Exists as to Whether Joel Ramirez and Amilcar Vasquez Are the Same Person.

Defendant appears at times to argue that Plaintiff's suit should be dismissed because Amilcar Vasquez is not a party to the litigation, and Plaintiff has no standing to bring suit on his behalf for the alleged FLSA claims.[8] (*See* Doc. # 49 at 20). Plaintiff counters that Plaintiff's legal name is Joel Ramirez-Mendoza and that Plaintiff used the alias of Amilcar Vasquez during his employment with Defendant between 2010 and 2012. (*See* Doc. # 49, Ex. 16, Foster Dep. 103:11-15; Doc. # 49, Ex. 14, Ramirez-Mendoza Dep. 24:2-9). Defendant's assertions at least imply that if Ramirez-Mendoza and Vasquez are different people, then Plaintiff has no standing to bring the FLSA claims on Vasquez's behalf. To the extent Defendant disputes Plaintiff's

---

[8] Admittedly, Defendant never clearly articulates this argument. For example, Defendant's Motion (Doc. # 49) suggests only "FLSA EMPLOYMENT OF NON-PARTY AMILCAR VASQUEZ - NOT A PARTY IN THE COMPLAINT." (Doc. # 49 at 20). Furthermore, in various places Defendant refers to Ramirez-Mendoza and Vasquez as separate persons. *See, e.g.*, *id.* ("The only plaintiff appearing in the Complaint is <u>Joel Ramirez-Mendoza</u>, and therefore, Amilcar Vasquez does not have any standing to pursue any claim in the Complaint.")). Defendant appears to conflate this argument with the argument that Plaintiff must file his claim only under his own name. (*See id.* at 20-21). It is only out of an abundance of caution, the court addresses this potential argument here.

claim that Ramirez-Mendoza and Vasquez are the same person, summary judgment is inappropriate because this is a genuinely disputed issue of material fact.[9]

### E.    Joel Ramirez-Mendoza Filed His Complaint Under His Name, Not His Alias Amilcar Vasquez.

Defendant complains that the case should be dismissed because *if* Plaintiff had filed the case under his alias Amilcar Vasquez, it would be due to be dismissed.[10]   (Doc. # 49 at 22). Defendant recognizes, however, "Joel Ramirez-Mendoza, as the only Plaintiff, filed his Complaint (Doc.1) on March 19, 2013 against Defendant claiming FLSA violations." (Doc. # 49 at 16 ¶ 10).  Whatever utility such an argument may (or may not) have down the road, it is at best hypothetical now.  This court will not address hypotheticals.

## V.    Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. # 49) is due to be granted in part and denied in part.  Rule 56 disposition of the case is inappropriate, it is not necessary for the nonmoving party to prove its case; a party opposing summary judgment need only point to the existence of a genuine issue of a material fact for trial.

Plaintiff's claims accruing before March 19, 2010 are barred by the FLSA's statute of limitations, and thus, summary judgment as to those claims is due to be granted.  But, primarily

---

[9] It is unclear if such a factual dispute actually exists on this record.  All of the evidence suggests that Ramirez-Mendoza and Vasquez are one and the same.  Indeed, Defendant's argument regarding Plaintiff's alleged fraud and forgery relies on Ramirez-Mendoza and Vasquez being the same person.  (*See* Doc. 49 at 2 ¶ 1). Otherwise, Ramirez-Mendoza would not have committed fraud or forgery when Vasquez independently submitted his own employment application with identifying information.

[10] "Filing a new law suit under a false name *would be* a willful violation or even a willful misconduct not only from the part of the plaintiff himself, but on the part of his attorney(s) . . . ." (Doc. # 49 at 21).  The record does not reflect, however, that Plaintiff has ever filed suit under his alias.  Plaintiff has asserted these FLSA claims under his true name, Joel Ramirez-Mendoza, although his claims of FLSA violations occurred while he worked for Defendant under the alias of Amilcar Vasquez.

As discussed above, Defendant has offered no evidence tending to suggest Ramirez-Mendoza is not in fact Vasquez. Furthermore, Defendant cites no authority suggesting that Plaintiff's use of an alias would hinder his ability to recover for any violation of the FLSA.

because genuine issues of material fact exist as to Plaintiff's work schedule from March 2010 to his termination in December 2012, Defendant's motion for summary judgment on Plaintiff's claims accruing after March 19, 2010 is due to be denied.  A separate order consistent with this Memorandum Opinion will be entered simultaneously.

**DONE** and **ORDERED** this October 15, 2014.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE